UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| AMANDA LEE VARON, | Case No. 3:23-cv-00537-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF CHILD & FAMILY SERVICES, *et al.*, | |
| Defendants. | |

Pro se plaintiff Amanda Lee Varon has filed an application to proceed *in forma pauperis* ("IFP") and brings various causes of action against several defendants. (ECF Nos. 1 ("IFP Application"), 1-2, 1-3 ("Complaint").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig Denney, recommending that the Court grant Varon's IFP application and that the Court dismiss all claims in this action. (ECF No. 5.) To date, Varon has not filed an objection to the R&R. For the reasons explained below, the Court adopts the R&R in full.

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

I.  **IFP APPLICATION**

Judge Denney recommended granting Varon's IFP application because her application reveals that she cannot pay the filing fee. (ECF No. 5 at 2.) The Court is satisfied that Judge Denney did not clearly err in finding that Varon has met the

appropriate standards to proceed IFP and adopts his recommendation. Varon is permitted to maintain this action without prepaying the filing fee.

## II.     SCREENING OF THE COMPLAINT

Varon appears to allege that Defendants[1] violated her rights by taking away custody of her child and hospitalizing her against her will. (ECF No. 1-3.) The Court will address each of Judge Denney's recommendations as to these allegations in turn.

### 1.  Government Agencies

Judge Denney first recommends dismissing the State of Nevada, Department of Health and Human Services, Division of Child and Family Services and CPS with prejudice, as they are not persons who can be sued under Section 1983. (ECF No. 5 at 9.) *See also Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997). The Court agrees.

### 2.  Judges

Judge Denney likewise recommends dismissing the claims against Judge Kimberly Okezie, Judge James T. Russell, and Judge James Wilson with prejudice because they are entitled to absolute immunity for acts performed in their official capacity. (ECF No. 5 at 10.) *See also In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). The Court finds no clear error on this point as well and adopts this recommendation.

### 3.  District Attorney

Nor did Judge Denney clearly err in recommending dismissal of Carson City District Attorney Buffy Okuma with prejudice. (ECF No. 5 at 10.) State prosecutors are absolutely immune from Section 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process" or "the traditional functions of an advocate." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (quotation marks omitted). Dropping charges against Varon would be part of Okuma's role as an advocate for the state of Nevada. Judge Denney's recommendation is adopted.

---

[1]The Court incorporates by reference Judge Denney's discussion of who Varon intended to name as defendants. (ECF No. 5 at 3-4.)

2

### 4. Public Defender

The Court finds no clear error in Judge Denney's recommendation that Carson City Public Defender Katie Felesina Miller should be dismissed with leave to amend. (ECF No. 5 at 10-11.) Varon's Complaint is unclear as to whether she intends to proceed with a claim against Miller and, if so, whether she has sufficiently alleged viable claims against Miller. *Compare Georgia v. McCollum*, 505 U.S. 42, 53 (1992) ("[A] public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant."); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008), *with Vermont v. Brillon*, 556 U.S. 81, 91 n.7 (2009) ("A public defender may act for the State, however, 'when making hiring and firing decisions on behalf of the State,' and 'while performing certain administrative and possibly investigative functions.'"). Varon is granted leave to amend to clarify her claims.

### 5. Mental Health Hold

Judge Denney further recommends dismissing Varon's claim that her mental health hold and hospitalization were not legally justified with leave to amend. (ECF No. 5 at 11.) In some contexts, due process precludes involuntarily hospitalizations. *See Jensen v. Lane Cnty.*, 312 F.3d 1145, 1147 (9th Cir. 2002). But Varon has not provided sufficient factual allegations for the Court to determine whether those situations are present here. She also has not stated who was responsible for these alleged due process violations. The Court is thus satisfied that Judge Denney did not clearly err, and Varon is granted leave to amend to clarify her claims.

### 6. Constitutional Parental Rights

Judge Denney recommends dismissing Varon's parental rights claims with leave to amend. (ECF No. 5 at 12-14.) Parents possess constitutional rights to the care, custody, and control of their children—which includes the right to not be separated from their children without due process of law outside of emergencies. *See David v. Kaulukukui*, 38 F.4th 792, 799-800 (9th Cir. 2022); *Keates v. Koile*, 883 F.3d 1228, 1235-36 (9th Cir. 2018). Varon could therefore state claims for violations of her First or

Fourteenth Amendment rights; however, her allegations are unclear and do not specifically tie the alleged wrongdoing to particular defendants. The Court is satisfied that Judge Denney did not clearly err in recommending that Varon's First and Fourteenth Amendment parental rights claims be dismissed with leave to amend.

### 7. Fourteenth Amendment Right to Be Free from Judicial Deception

"[A]s part of the right to familial association, parents and children have a right to be free from judicial deception in child custody proceedings and removal orders." *David*, 38 F.4th at 800 (quotation marks omitted). To state a violation of the constitutional right to familial association through judicial deception, Varon must allege "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Id.* at 801 (citations and quotation marks omitted). But Varon included only vague allegations of judicial deception, without sufficiently describing the factual events that led to it or naming how each defendant violated her rights. Because Varon did not but plausibly could sufficiently allege judicial deception, Judge Denney recommends dismissing this claim with leave to amend. (ECF No. 5 at 14-15.) The Court is satisfied that this finding did not constitute clear error. Varon is granted leave to amend to clarify her judicial deception claims.

### 8. Fourth Amendment Seizure

Judge Denney recommends dismissing Varon's Fourth Amendment claim without prejudice. (ECF No. 5 at 15-16.) Varon alleges that defendants violated the Fourth Amendment by seizing her son without a warrant or court order. Even if her allegations are correct, that Fourth Amendment right belongs to her son, and she has alleged that she is no longer his legal guardian because her parental rights were terminated. *See Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 788 n.2, 789-90 (9th Cir. 2016); *David*, 38 F.4th at 799. Varon therefore lacks standing to bring the Fourth Amendment claim. *See Martin v. Cal. Dep't of Veterans Affs.*, 560 F.3d 1042, 1050 (9th Cir. 2009). The Court finds no clear error and adopts this recommendation.

///

### 9. Negligence Claims

Judge Denney recommends dismissing the negligence claims against state actors with prejudice and dismissing the negligence claims against non-state actors with leave to amend. (ECF No. 5 at 16-17.) The state of Nevada has refused to waive its Eleventh Amendment sovereign immunity, and thus the state and its actors generally cannot be sued in federal court. *See* U.S. CONST. amend. XI; NRS § 41.031(3); *O'Connor v. State of Nevada*, 686 F.2d 749, 750 (9th Cir. 1982). The Court therefore agrees that the negligence claims against state actors should be dismissed with prejudice.

Although Varon may bring negligence claims against individuals who were not acting on behalf of the state—like county officials or private citizens—the Court agrees with Judge Denney that Varon has not properly stated those claims. Varon's claims against non-state actors are dismissed with leave to amend, such that Varon may clarify what conduct and which defendants were negligent.

### 10. Federal Rules of Civil Procedure 8 and 20

Judge Denney also recommends that the Court instruct Varon to comply with Federal Rules of Civil Procedure 8 and 20, which require that a complaint contains short, plain statements of the claims and that, where a plaintiff sues multiple parties, those claims must arise out of the same occurrence or series of occurrences. (ECF No. 5 at 17-18.) *See also* FED. R. CIV. PROC. 8(a), (d); FED. R. CIV. PROC. 20(a)(2). Varon's Complaint is not short or plain. She references several irrelevant legal standards and extraneous facts. (ECF No. 5 at 17-18.) Varon is therefore instructed that, if she wishes to file an amended complaint, she must include only the facts and legal authorities which are related to the claims she is bringing. If she wishes to bring claims related to the facts identified as extraneous in the R&R, she must explain how they are related to her claims.

### 11. Request to Submit Evidence

Judge Denney finally recommends denying Varon's request to submit the statement of juvenile court and DCFS events in chronological order. (ECF No. 5 at 18-19.) The Court agrees that this is improper, as Varon's operative complaint must be

complete in and of itself, without reference to any prior pleadings or other filings. Varon's request is denied.

The Court is satisfied that Judge Denney did not clearly err and adopts his recommendations in full.

### III.   CONCLUSION

The Court is satisfied that Judge Denney did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's R&R (ECF No. 5) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application (ECF No. 1) is granted. Plaintiff is permitted to maintain this action without prepaying the filing fee.

The Clerk of the Court is directed to file the Complaint (ECF No. 1-3).

It is further ordered that the following defendants are dismissed with prejudice: the State of Nevada and Department of Health and Human Services, Division of Child and Family Services; CPS; Judges Okezie, Russell, and Wilson; and Buffy Okuma.

It is further ordered that Plaintiff's claims for the violation of her First and Fourteenth Amendment rights to familial association and right against judicial deception, her negligence claim to the extent she intends to assert it against non-State actors (such as county officials), and any claim against Carson City Public Defender Katie Felesina Miller are dismissed with leave to amend. If she chooses to amend her complaint, Plaintiff must describe how her rights were violated, identify who violated each right, and describe what each defendant did to violate those rights.

It is further ordered that Plaintiff's negligence claims against state employees are dismissed with prejudice.

It is further ordered that Plaintiff's Fourth Amendment claim is dismissed without prejudice.

It is further ordered that Plaintiff's request to submit a statement of juvenile court and DCFS events in chronological order (ECF No. 4) is denied.

It is further ordered that Plaintiff has 30 days to file an amended complaint. The Clerk of Court is directed to send Plaintiff instructions for submitting a complaint and a form complaint. The amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint or other filings. Any allegations, parties, or requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the Court. Plaintiff must clearly title the amended pleadings as "Amended Complaint" or check the appropriate box for an amended complaint if she is using the form complaint. If Plaintiff fails to file an amended complaint within 30 days, this action will be dismissed.

DATED THIS 13th Day of February 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE