UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| AMANDA LEE VARON, | Case No. 3:23-cv-00537-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF CHILD & FAMILY SERVICES, *et al.*, | |
| Defendants. | |

On February 13, 2024, Amanda Lee Varon was directed to file an amended complaint within the next 30 days. (ECF No. 6.) The Court then granted two month-long extensions of that deadline. (ECF Nos. 11, 14.) The most recent deadline has since expired, and Varon still has not filed an amended complaint.

A district court may dismiss an action, with prejudice, based on a party's failure to timely amend their complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action for failure to comply with the Court's amendment deadline, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See id.* at 1261. Before dismissing a *pro se* civil rights complaint, "the district court must provide the litigant with notice of the deficiencies in [her] complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* at 1261.

In the instant case, the Court finds that the first two factors, the public's interest in

1  expeditiously resolving this litigation and the Court's interest in managing the docket,
2  weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in
3  favor of dismissal, since a presumption of injury arises from the occurrence of
4  unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See*
5  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy
6  favoring disposition of cases on their merits—is greatly outweighed by the factors in favor
7  of dismissal discussed herein. Finally, a court's warning to a party that their failure to obey
8  the court's order will result in dismissal satisfies the "consideration of alternatives"
9  requirement. *Ferdik*, 963 F.2d at 1262. The Court's order requiring Varon to file an
10 amended complaint within 30 days expressly stated, "If Plaintiff fails to file an amended
11 complaint within 30 days, this action will be dismissed." (ECF No. 6 at 7.) The Court thus
12 adequately warned Varon that dismissal would result from her noncompliance with the
13 order to file an amended complaint.

14     The Court likewise provided Varon with notice of the deficiencies in her complaint
15 such that she may correct them. (ECF Nos. 5, 6.) In both Judge Denney's Report and
16 Recommendation ("R&R") and this Court's order adopting the R&R, the Court laid out
17 how Varon could re-plead certain claims more successfully. But Varon has not done so,
18 despite being granted two extensions. Those same orders reiterated that Vanderlin's
19 failure to comply would result in dismissal. (ECF No. 5 at 20, 6 at 7.) This "demonstrated
20 more than adequate sensitivity" to Vanderlin's inexperience as a *pro se* litigant. *Ferdik*,
21 963 F.2d at 1261.

22     It is therefore ordered that this action is dismissed without prejudice based on
23 Plaintiff's failure to file an amended complaint in compliance with this Court's order.

24     It is further ordered that the Clerk of Court enter judgment in accordance with this
25 order and close this case
26 / / /
27 / / /
28 / / /

DATED THIS 26th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE